DAVENPORT WOOLEN MILLS COMPANY, Appellee, v.
H. & A. NEINSTEDT *et al.*, Appellants.

1. **Copartnership** : LIABILITY OF THIRD PERSONS : ESTOPPEL. A traveling salesman, engaged in selling goods by sample upon the premises of defendants, inquired of one of the partners as to whom a gentleman present, and recommending the purchase of certain goods, was, and was informed that he was the father of the partner, and was a member of the firm. The father was within hearing distance during such conversation, and made no denial of the truth of the above statement. The firm-name did not indicate that the father was a partner, but the plaintiffs extended credit to defendants upon the faith of the son's representation, and reports of the father's financial responsibility. *Held*, that the evidence was sufficient to support judgment making the father liable to plaintiffs as a member of the firm, notwithstanding his specific denial that he held such relation, or that he heard the above conversation with his son.

2. ——— : EVIDENCE. Letters written by the father subsequent to the extension of credit by the plaintiffs, and indicating a partnership relation in fact, *held*, admissible in support of that issue.

*Appeal from Floyd District Court.* —HON. G. W.
RUDDICK, Judge

TUESDAY, OCTOBER 21, 1890.

H. & A. NEINSTEDT were the sons of Charles Neinstedt, Sr., and, from 1882 to 1884, were a firm doing business as merchants at Rudd, Iowa, under the firmname of H. & A. Neinstedt. In 1884, H. Neinstedt died, and A. Neinstedt continued the business in the firm-name. August 16, 1888, the plaintiff firm, through its agent, S. A. Jennings, sold H. & A. Neinstedt a bill of goods amounting to two hundred and twentyfour dollars and nineteen cents, and this action is to recover therefor. Charles Neinstedt is made a party defendant, and his liability sought to be established on one of two grounds: *First*, that he was actually a

member of the firm ; or, *second*, that he permitted him-
self to be so held out as a member of the firm ; that
plaintiff believed him to be such, and, with such belief,
sold to the firm the bill of goods in question. The answer
is a denial. The cause was tried to the court without
a jury, and it gave judgment for the plaintiff, from
which Charles Neinstedt appealed.

*P. W. Burr*, for appellant.

*R. G. Reiniger*, for appellee.

GRANGER, J.—The main point of the controversy
is as to the sufficiency of the evidence to sustain the
finding of the district court. It is a law
action, and, if the evidence is such as to be
a basis for the finding of the court on either
ground upon which recovery is sought, we
cannot disturb the judgment because of a want of
evidence.

1. COPARTNER-
SHIP: liability
of third per-
sons: estop-
pel.

S. A. Jennings was the plaintiff's salesman, and
was a stranger to the defendant and members of the
firm. The name of the firm indicated two members.
On the day of the sale in question, Charles Neinstedt,
Sr., resided in a part of the building in which the store
was, and was in the store when Jennings was there, and
Jennings, as a witness for plaintiff, states as follows :
"I am acquainted with Charles Neinstedt; met him
last season. I called on the firm of H. & A. Neinstedt
in June of last year, at their store in Rudd. The
younger Neinstedt was in, and I opened my goods, showed
them to him, and made him some prices. He concluded
to purchase, and did so. While the goods were on the
counter, Charles Neinstedt—I don't know the names of
these parties only as I have learned since the above
transaction ; they gave me the name of H. & A. Nein-
stedt—came in and asked the younger Neinstedt if he
had bought. He said he had, and showed him what
he had bought. He asked him why he didn't buy
more, showed some goods he thought they could use,

and insisted upon his buying some more, which he did. While he was looking at them, I said to the younger Neinstedt, 'Who is this?' He said, 'It is my father.' I said, 'Is he a member of the firm?' He said, 'He is.' The old gentleman was within hearing distance when this was said. We were close together, somewhere like three and a half feet. After that they added to the order. Mr. Charles Neinstedt selected the articles that were added. I inquired into the credit of all three of the parties, and reported to the plaintiff who composed the firm of H. & A. Neinstedt. I reported that the old gentleman was represented to me as being well fixed, had quite a quantity of land, a good farm.''

If Jennings' statements are true, and Charles Neinstedt, Sr., heard the statement that he was a member of the firm, and plaint'ff sold the goods with that belief, the liability of Neinstedt would be unquestioned. A. Neinstedt left in December, 1888, and the business of the firm was closed by attachment at the instance of appellant. The appellant in his testimony makes specific denials of his being a partner in the firm, or having any interest therein. He concedes that he had loaned money to the firm, and paid for it some debts, for which he is its creditor. He denies that he ever purchased goods for the firm or sold goods for it. He makes specific denials of the statements by Jennings, as to his interference when the goods were purchased other than being present, and denies hearing his son say that he was a member of the firm. There is considerable other evidence in detail, but nothing to obviate the plain and pointed conflict as to the conduct of appellant. Appellant argues this branch of the case upon the probabilities arising from the respective statements of the parties. That was a question for the district court, and to be decided by the weight of evidence. We agree with appellant that, if he did not hear the statement of his son that he was a partner, it could not bind him; but we do not think that his statement, that he did not hear it, is conclusive on that point. There are the statements of Jennings of how close the three were together,

and what they were doing, and how the words were spoken, and the finding of the district court on that question concludes us.

We have treated the case on this branch independently of other facts as to which some authorities are cited. If appellant knew that he was represented to Jennings' as a member of the firm, and, with such knowledge, he participated in the purchase of the goods, and plaintiff sold upon such belief, appellant is now estopped to deny that he was a member. The evidence will sustain such a finding.

II. The following letters were put in evidence by the plaintiff, against the objections of the appellant
2. ——: evidence. that they were incompetent and immaterial, and that it is not shown that plaintiff had knowledge of, or acted upon, them :

"RUDD, IOWA, December 3, 1888.
"*Messrs. James Foster & Co.*

"GENTLEMEN :—I have just taken hold and am trying to straighten out the affairs of H. & A. Neinstedt. I am sorry to say that, owing to my son's slack habit, his collections have not been properly attended to, and this is the sole cause of his not being able to meet his bills promptly. I have stopped all credit business, shall force collections to the best of my ability, and will remit as fast as anything is collected. You will, therefore, oblige me to withhold your draft, as I could not meet it on presentation, but you will not have to wait very long. Yours truly,

"CHAS. NEINSTEDT, SR."

Exhibit C. Offered by plaintiff.

"RUDD, IOWA, December 3, 1888.
"*Messrs. Charles City W. P. Co.*

"GENTLEMEN :—Inclosed please find draft for seventy-five dollars. Please ship us to-day twenty-five sacks family flour and five sacks of fancy patent. Pay for above out of this draft and credit balance to account of H. & A. Neinstedt. H. & A. N.'s account will be straightened out in a short time. We have stopped

crediting, and are now collecting for all there is in it, and if reasonably successful we shall soon be in shape to pay your account. If not at one time, we will reduce it as fast as we get in funds to divide up between our creditors. Please ship the above at once, and oblige, Yours truly,                                    H. & A. NEINSTEDT.

"Per. CHAS. NEINSTEDT, SR."

It will be seen that the letters bear date after the purchase of the goods, and consequently plaintiff could not have relied upon them in making the sale, and we think them immaterial upon the question of appellant's being estopped because of his conduct; but it is to be kept in mind that the case presented another issue, that of appellant being an actual partner, and upon that issue the language of the letters shows that these were material. If, as appellant urges in reply, there was an utter failure to establish an actual partnership with him, still the admission of the evidence tending to establish it would not be error. The court would consider the evidence, and find the facts accordingly.

No other questions demand consideration, and the judgment is AFFIRMED.